UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Marvin E. Green
PSC 808 Box 15
FPO AE 09618
011-39(335)773-9719
marvin.green@eu.dodea.edu
Pro Se In Forma Pauperis

CASE NUMBER   1:06CV01009

JUDGE: Reggie B. Walton

VS.         CIVIL A

DECK TYPE: Administrative Agency Review

DATE STAMP: 5/30/2006

DoD Dependents Schools - Europe
Maxwell Selz
Unit 29649, Box 7000
APO AE 09096
011-49(613)460-4775
maxwell.selz@eu.dodea.edu

## COMPLAINT

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DOD DEPENDENT SCHOOLS – EUROPE DIVISION'S EXECUTION OF THE DOD PRIORITY PLACEMENT PROGRAM; IN CONJUNCTION WITH DEFENDANTS REPUDIATION OF PLAINTIFF'S EMPLOYMENT CONTRACT.

### I. INTRODUCTION

Plaintiff, Marvin E. Green, submits this memorandum in opposition to the Department of Defense Dependent Schools (DoDDS) ongoing execution of the Priority Placement Program (PPP). Errors in the execution of the PPP have resulted in direct damages to Plaintiff in addition to the breaching of Plaintiff's current two year extension/employment contract. (PPP Manual: http://dayton.cpms.osd.mil/public/manindex.cfm).

1

MARVIN GREEN VS. DODDS-E
Opposition to agency execution of PPP & employment contract repudiation

## II. STATEMENT OF FACTS

On the 5th of July 2005 Plaintiff applied for Renewal Agreement Travel orders (RAT orders) through the on-line Travel Order Processing System (TOPS). The TOPS system and the orders processing are facilitated by/at the Dept. of Defense Education Activity (DoDEA) Headquarters in Arlington, Virginia.

Plaintiff, accompanied by Plaintiff's family, entered leave status and departed Italy for the United States noting that the TOPS system had changed the requested orders from "submitted" to "pending".

On the 1st of August 2005 Plaintiff returned to duty status and notified Plaintiff's supervisor, David Harrison, of Plaintiff's intent to "check RAT orders" status. Plaintiff noticed that the requested RAT orders had disappeared from the system.

On the 15th of March 2006 Plaintiff again notified supervisor Harrison of Plaintiff's intent to: "check on my last summers RAT orders that never came." On the 17, 22 and 24th of March 2006 Plaintiff notified supervisor Harrison of Plaintiff's interest in resolving the issue in preparation for placement through the PPP. On the 24th of March 2006 Plaintiff reapplied for RAT orders presuming the July 5th 2005 submission had been lost.

On March 27, 29, 31, April 3, 4, 5 and 6 Plaintiff noted to supervisor Harrison that Plaintiff was checking RAT order status. The status went from "submitted" to "pending" and again disappeared. On the 6th of April the

MARVIN GREEN VS. DODDS-E
Opposition to agency execution of PPP & employment contract repudiation

Plaintiff noted to supervisor Harrison that: "RAT orders are a lost cause" and began 3 weeks of sick leave to care for Plaintiff's son's recovery from surgery.

Upon return from leave Plaintiff telephoned Roger Knight and then Amy Saxton at DoDEA Headquarters and was told that a record of all TOPS submissions remain in the system archives and that their ability to act on Plaintiff's request was limited by pending approval from Dr. Gloria Gladden, Chief of Personnel DoDDS-Europe. On May 2 Plaintiff notified supervisor Harrison that: "RAT orders for last summer are waiting on Gloria. Beats me."

On May 10, 2006 Amy Saxon notified Plaintiff of Dr Gladden's decision to refuse Plaintiff's requested RAT orders with the statement that: "Also, since your dependents are not and were not residing with you as a member of your household in Naples, they will not be authorized to travel under these orders."

Plaintiff is currently a PPP registrant. As a current PPP registrant Plaintiff could, at any moment, be given 45 days to report to a new position.

Dr. Gladden has the authority to terminate Plaintiff's participation in the PPP.

Dr. Gladden has the authority to terminate Plaintiff's employment at the completion of Plaintiff's overseas tour on August 31, 2006.

III. ARGUMENT

Dept. of Defense Dependents Schools Administrative Grievance Procedure, DS Regulation 5771.9, Page 8-1 states: "...(within 90 days of initial filing) Final Written Decision To Grievant"

MARVIN GREEN VS. DODDS-E
Opposition to agency execution of PPP & employment contract repudiation

The PPP Operations Manual states on page 1-10 (Ch1, Sec G, No1, last sentence) "Activities are not authorized to offer PPP registration when negotiating the settlement of employee complaints, grievances, or appeals."

A. Arguments related to execution of the PPP:

(1). By registering Plaintiff in the PPP prior to denial of RAT orders Dr. Gladden constructively violated PPP regulation page 1-10 (Ch1, Sec G, No1, last sentence).

(2). By registering Plaintiff in the PPP prior to denial of RAT orders Dr. Gladden has jeopardized Plaintiff's eligibility to continue in PPP.

(3). By registering Plaintiff in the PPP prior to denial of RAT orders Dr. Gladden has jeopardized DoDDS eligibility to participate in PPP.

B. Arguments relating to denial of Plaintiff's right to Procedural Due Process:

(1). Dr. Gladden, in allowing Plaintiff only 45 days to pursue a process that can consume 90 days has constructively denied Plaintiff's ability to 'complain grieve or appeal' utilizing the DoDDS Administrative Grievance Procedure.

(2). By responding 10 months subsequent to Plaintiff's initial request for orders; Dr. Gladden has denied Plaintiff Procedural Due Process in the matter of RAT.

C. Arguments relating to constructive repudiation of Plaintiff's employment contract:

MARVIN GREEN VS. DODDS-E
Opposition to agency execution of PPP & employment contract repudiation

Dr. Gladden had knowledge of Plaintiff's reasonable expectation of family inclusion in RAT orders from July 5, 2005 through May 9, 2006.

Plaintiff notes this definition of repudiation:

"**REPUDIATION** the renunciation of a duty, 87 N.E. 1062, 1063; a denial of responsibility or obligation. A repudiation of a contract is an act or declaration by a contracting party indicating unequivocably that he or she will not perform, or further perform, his or her contract. A repudiation is said to be in the nature of an **anticipatory breach** but does not operate as such unless the promisee elects to treat the repudiation as a **breach** and brings suit for **damages**. 36 P 2d 821, 825." – Barron's Law Dictionary, Fifth Edition.

(1). By denying RAT to Plaintiff's family, Dr. Gladden has constructively repudiated Plaintiff's current two year employment renewal contract entered into by DoDDS and Plaintiff on June 1, 2004.

(2). By denying RAT to Plaintiff's family, Dr. Gladden has failed the "balancing" test – where detriment to Plaintiff falls more harshly than the benefit imparted to DODDS in "stiffing me".

## IV. CONCLUSION

Plaintiff's participation in PPP is ongoing; harm directed toward Plaintiff is now demonstrated.

Plaintiff requests Defendant be compelled to produce Plaintiff's mobility agreement in order to ascertain it's relevance to Plaintiff's duties in regards to the Plaintiff's current two year renewal employment contract.

Plaintiff requests Defendant be ordered to pay Plaintiff 4,636.69 Euros plus interest.

Plaintiff requests Defendant be ordered to pay Plaintiff $700 in legal fees.

MARVIN GREEN VS. DODDS-E
Opposition to agency execution of PPP & employment contract repudiation

Plaintiff requests a finding that the Defendants actions constitute a breach of Plaintiff's June 1, 2004 renewal employment contract.

Plaintiff requests CARE Program Coordinator (administers PPP), Dayton be notified along with the mandate to: (a) Investigate Plaintiff's complaint to determine harm done to Plaintiff, other DoDDS PPP registrants, and the PPP program - by Defendant. (b) Prevent further harm to Plaintiff in regards to the execution of the PPP program.

Dated: May 21, 2006

By _____

Marvin E. Green
PSC 808 Box 15
FPO AE 09618
011-39(335)773-9719
marvin.green@eu.dodea.edu