Marvin Green
PSC 808, Box 15
FPO AE 09618
marvin.green@eu.dodea.edu
+39(335)773-9719
Plaintiff Pro Se

In The

## District Court of the United States – District of Columbia

| | | |
|---|---|---|
| Marvin Green, | ) | Case No. 06-1009 RBW |
| Plaintiff, | ) | MOTION FOR LEAVE TO FILE A DOCUMENT |
| v. | ) | |
| DoDDS-E, | ) | |
| Defendant. | ) | Date: August 5, 2006 |

### I. INTRODUCTION

Plaintiff has filed 06-1008RBW, 06-1009RBW, 06-1141RBW and SG v Base Capt. is on its way. These cases form a sequence of related events where Plaintiff has been forced to reactively focus on various capricious enforcements directed at Plaintiff from two agencies at odds with one another. The events in 06-1009 RBW were subsequent to Sophia Torok's complaint to Congressman Waxman and mark the first indication of DoDDS-E and Base Capt. making a coordinated effort to act against Plaintiff and Family.

## II. STATEMENT OF FACTS

On June 12-14, 2006, Plaintiff finished and mailed 06-1141RBW. The case was sealed and is evidently being investigated.

On June 27, 2006 Capt. Stuyvesant issued the attached barment order, barring Sophia Torok and SG from Naval Air Station, Sigonella.

On June 29, 2006 Sophia Torok submitted her rebuttal. She was assured by the clerk that the Capt would see it that same day.

On June 30, 2006 the Barment order became effective.

## III. ARGUMENT

If an interlocutory injunction was issued or implied in case 06-1141 RBW then:

1. The June 30, 2006 Barment order represents a subsequent violation of the status quo.

2. or since the Barment Order gives Base Capt. Stuyvesant an unspecified number of days to respond to the rebuttal before the order is finalized then the order is still incomplete and hence a continuing violation of any interlocutory injunction whether actual or implied.

The June 29, 2006 Rebuttal, in referencing this case, (06-1009 RBW), and the indeterminate nature of Sophia Torok's sponsored status, thereby provided Base Capt. Stuyvesant with constructive notice of case 06-1141 RBW and any actual or implied interlocutory injunction preserving of the

status quo – if he had exercised reasonable investigative diligence, (which he in the past he has claimed to have done in regards to Sophia's implied consent conviction and appeal).

Having been served actual notice of case 06-1009 RBW, and having been given constructive notice of 06-1141 RBW – Capt. Stuyvesant is engaged in an additional count of Whistleblower reprisal and using the actual or implied interlocutory order of 06-1141 RBW as a shield while attempting to assign the responsibility for the ongoing harm the order is doing - to the courts and the investigators.

Since the June 29, 2006 Rebuttal letter references the notification to Congressman Waxman of Capt. Stuyvesant's failure to follow due process – the Capt. in allowing the order to remain in force is engaged in a continuing direct reprisal in response to the Whistleblower due process violations documented in 06-1141 RBW.

With only 2 days to respond, Sophia Torok had insufficient time to respond and so failed to point out in her rebuttal that she is not a contractor at the NEX - as stated in the Barment Order. Sophia is a <u>Vendor</u> working for a contractor (American Greeting Cards) whereas the Barment Order has constructively terminated her primary employment with a third party, (whereas the contractor is subject to Capt Stuyvesant's influence, but not his direct orders - except through this grossly defective Barment Order).

## IV. CONCLUSION

Capt. Stuyvesant's pretension of compliance and caution in not lifting his barment order is a fallacious masking of his effort to continue punishing Plaintiff's Family for Sophia's temerity in instigating an inquiry from Congressman Waxman's office related to her appeal of her implied consent conviction.

Date: August 6, 2006

/s/ Marvin E. Green