IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN E. GREEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1009 (RBW) |
| DOD DEPENDENT SCHOOLS –EUROPE, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE TO TRANSFER**

    Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6).  Alternatively, Defendant moves to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. 1404.  In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 616-5309

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN E. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1009 (RBW) |
| ) | |
| DOD DEPENDENT SCHOOLS –EUROPE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE TO TRANSFER**

Defendant, Department of Defense Education Activity ("DoDEA") , Department of Defense Dependents Schools, Europe ("DoDDS-E"), respectfully submits this memorandum in support of its motion to dismiss, or in the alternative to transfer. The Court should dismiss this action for lack of subject matter jurisdiction, because Plaintiff has failed to state a claim upon which relief can be granted, and for improper venue. If this Court does not dismiss the instant case, it should transfer it to its most appropriate venue, the Eastern District of Virginia.

**THE COMPLAINT**

Plaintiff has been employed by DoDDS-E in Italy from 1997 until the present. (Declaration of Maxwell G. Selz "Selz Decl."). He filed his Complaint in the instant action on May 30, 2006, "in opposition to the Department of Defense Dependent Schools (DoDDS)

ongoing execution of the Priority Placement Program."[1] (Complaint "Compl." at 1).[2] However, the crux of Plaintiff's complaint appears to be allegations regarding the denial of Renewal Agreement Travel ("RAT") orders for Plaintiff's family members who did not reside with him. (Compl. at 3, 5).[3] Specifically, Plaintiff claims that he applied for RAT orders on July 5, 2005, through the Travel Order Processing System ("TOPS"). (Compl. at 2). The processing of RAT orders through this system is conducted at DoDEA Headquarters in Arlington, Virginia. (Compl. at 2). On March 24, 2006, Plaintiff reapplied for RAT orders when his previous request could not be located in the TOPS system. (Id.).

According to Plaintiff's complaint, on May 10, 2006, he was notified that Dr. Gloria Gladden, Chief of Personnel DoDDS-E, had denied Plaintiff's request for RAT orders for his family members. (Compl. at 3). Plaintiff claims that Dr. Gladden's delay in responding to Plaintiff's request and her eventual decision denied him "Procedural Due Process" and resulted in the "constructive repudiation of Plaintiff's employment contract" because Plaintiff "had a reasonable expectation of family inclusion in RAT orders from July 5, 2005, through May 9, 2006." (Compl. at 4-5).[4]

---

[1] On the same day, Plaintiff filed another complaint, Civil Action No. 06-1008 (RBW) that began the same way; however, the substance of the complaints then diverged. Defendant is filing motions to dismiss or transfer in both cases.

[2] Neither the paragraphs nor the pages of Plaintiff's complaint are numbered. However, Defendant has consecutively numbered the pages of his six page complaint for ease of reference.

[3] RAT constitutes travel and transportation allowances provided to qualifying DoD civilian employees and appropriate dependents to return home between tours of duty. (Exhibit "Exh." 1 at C5K-1 ¶ C5500). In order for dependents to qualify for this benefit, they must be "members of an employee's household . . ." (Exh. 1 at A1-6).

[4] Plaintiff also refers to a grievance and that Dr. Gladden "allow[ed] Plaintiff only 45 days to pursue a process that can consume 90 days;" however Plaintiff does not assert that he

2

Plaintiff seeks relief in the form of production of his "mobility agreement," "4,636.69 Euros plus interest," $700 in legal fees, and that the "CARE Program Coordinator" "[i]nvestigate Plaintiff's complaint." (Compl. at 5-6).

## ARGUMENT

### I. Standards of Review for Dismissal Under Rules 12(b)(1) and 12(b)(6)

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 543 U.S. 809 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting

---

filed a grievance, what the basis for any such grievance was, or what "process" he is referring to when he discusses the allowed time frame, or that he was entitled to the additional time based on any statement, policy, or regulation. (See Compl. at 4).

evidence. See id.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiffs "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Applying these standards demonstrates that Plaintiff's Complaint should be dismissed.

**II.   This Court Lacks Jurisdiction to Entertain Plaintiff's Claims**

A complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted. District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984). Thus, it is well settled that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." Hagens v. Lavine, 415 U.S. 528, 536 (1974) (internal quotation marks and citations omitted). Moreover, a complaint is properly subject to dismissal if a plaintiff fails to claim that the defendant has caused him injury. See Child v.

4

Beame, 417 F.Supp. 1023 (S.D.N.Y. 1976) (when a defendant is merely named in the caption of the complaint, but is nowhere claimed to have caused injury to the plaintiff, the complaint against him must be dismissed) (citing Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974)).

Plaintiff's Complaint is vague and confusing. He fails to set forth the statutory basis for his cause or causes of action or for this Court's jurisdiction. Plaintiff begins by indicating that he is challenging the "ongoing execution of the Priority Placement Program," (Comp. at 1), but appears to actually complain of DoDEA's denial of RAT orders for Plaintiff's dependents who were not residing with him. (Compl. at 3). Plaintiff alleges that this decision denied him procedural due process and constructively repudiated his employment contract because he had a "reasonable expectation of family inclusion in RAT orders from July 5, 2005, through May 9, 2006." (Compl. at 4-5). However, Plaintiff fails to explain what procedure he was denied, how DoDEA's decision "constructively repudiated" or did any harm to any employment contract,[5] or why his expectation of family inclusion in paid leave travel was reasonable in light of applicable regulations which specifically provide for the contrary. (Exh. 1 at A1-6). Finally, Plaintiff fails to articulate why he is entitled to relief and how the relief he is seeking, (Compl. at 5-6), is related to and will remedy his claims. Thus, Defendant is left to speculate about what claims are actually before the Court and what constitutes and is the extent of Plaintiff's asserted injury.[6]

Moreover, Plaintiff fails to identify a waiver of sovereign immunity permitting the Court to exercise its jurisdiction over the United States. See Floyd v. District of Columbia, 129 F.3d

---

[5] Defendant notes that, pursuant to an email sent by Plaintiff, he has "accepted a PPP offer with which [he is] largely satisfied. (See Exhibit "Exh." 2).

[6] Plaintiff requests that an agency official investigate his claims "to determine harm done to Plaintiff, other DoDDS PPP registrants, and the PPP program[.]" (Compl. at 6).

152, 155 (D.C. Cir. 1997).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed.  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief.  United States v. Testan, 424 U.S. 392, 399 (1976).  "Sovereign immunity is jurisdictional in nature."  Meyer, supra, 510 U.S. at 475.

      Plaintiff contends that DoDEA's decision regarding his request for RAT orders denied him procedural due process.  (Compl. at 4).  Although Plaintiff has not invoked it, one common source for a waiver of sovereign immunity against the United States is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA").  The FTCA, provides a limited waiver of sovereign immunity for monetary claims against the United States for certain torts committed by federal employees.  However, it does not waive the federal government's immunity from suit for constitutional torts.  28 U.S.C. §§ 2679(b)(1) and (b)(2); Meyer, supra, 510 U.S. at 477 ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); see Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d Cir. 1978).  Moreover, the Supreme Court has refused to recognize an implied Bivens-type[7] cause of action against federal agencies.  Meyer, 510 U.S. at 486.

      Plaintiff has failed to provide a basis for this Court's jurisdiction.  Thus, his complaint must be dismissed.

---

      [7]    See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

**III.     Plaintiff's Complaint Should be Dismissed Because It Fails to State a Claim**

While Plaintiff's claims are far from clear, Defendant construes them to constitute a challenge to the agency action denying RAT orders for his family members who did not reside with him.  The Administrative Procedures Act ("APA") empowers a court to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A), (C).  See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-15 (1971).  Although the judiciary bears the responsibility under the APA to set aside agency decisions that meet this description, see MD Pharmaceutical, Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir.1998), "[t]he scope of review under the 'arbitrary and capricious standard' is narrow and a court is not to substitute its judgment for that of the agency."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also IKEA U.S., Inc. v. INS, 48 F.Supp.2d 22, 23 (D.D.C. 1999), aff'd, 1999 WL 825420 (D.C.Cir. 1999).

Plaintiff, however, does not invoke the APA.  Moreover, he does not request that the agency's decision be set aside, nor does he allege that the denial of RAT orders to his family members residing elsewhere was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Indeed, agency regulations set forth that only members of Plaintiff's household would be entitled to such benefit, (Exh. 1 at C5K-1 ¶ C5500, A1-6), and Plaintiff does not allege in his complaint that, contrary to the agency's findings, his family members resided with him.  In fact, Plaintiff sets forth nothing beyond the conclusory assertion that he had a "reasonable expectation of family inclusion in RAT orders from July 5, 2005, through May 9, 2006."  (Compl. at 5).  Plaintiff fails to indicate the basis for this

7

expectation or why it was reasonable in light of the regulation, or how his expectation imbues him with an actionable right before this Court. Finally, the APA does not provide for the monetary relief that Plaintiff seeks. See 5 U.S.C. § 702 (no waiver of sovereign immunity for money damages); Trudeau v. Federal Trade Commission, 456 F.3d 178, 185-186 (D.C. Cir. 2006).

Plaintiff has failed to set forth the bases for his claims against Defendant in this case and has failed to evidence any harm or entitlement to the relief he seeks. Thus, his complaint should be dismissed.

### IV.    Plaintiff's Complaint Should be Dismissed for Improper Venue

The insufficiency of Plaintiff's Complaint makes it somewhat difficult to determine under which statute the Court should consider venue. Regardless, if the Court does not dismiss this action for the reasons stated above, the District of Columbia is not the proper and most appropriate venue.

The standard for determining venue in a civil action in which an officer of a United States agency or a United States agency is a defendant is the general venue statute, 28 U.S.C. § 1391(e). Section 1391(e) provides for venue where a defendant to the action resides, where a substantial part of the alleged events giving rise to the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391(e). Agencies of the United States may have more than one residence for purposes of 28 U.S.C. 1391(e)(1) where the agency performs a "significant amount" of official duties in more than one jurisdiction. Smith v. Dalton, 927 F.Supp. 1, 6 (D.D.C. 1996) (citing Bartman v. Cheney, 827 F.Supp. 1, 2 (D.D.C. 1993)).

In reviewing venue objections pursuant to Section 1391(e), this Court applies a "preponderance of the contacts" test. Thornwell v. United States, 471 F.Supp. 344, 357 (D.D.C.

8

1979) (applying test established by the Circuit for § 1391(b) to § 1391(e) and § 1402(b)).  See Lamont v. Haig, 590 F.2d 1124, 1132 (D.C. Cir. 1978).  Thus, venue should be accepted "if the activities that transpired in the forum district were not insubstantial in relation to the totality of the events giving rise to plaintiff's grievance."  Lamont, 590 F.2d at 1134 n.62.  However, venue is only proper in the District of Columbia "'if sufficient activity giving rise to the plaintiff's cause of action' occurred here."  El-Bey v. United States, 2004 WL 2418306 at *2 (D.D.C. September 28, 2004) (quoting Franz v. United States, 591 F.Supp. 374, 378 (D.D.C. 1984)).  The Court should evaluate the events having "operative significance" in the case, and make a "commonsense appraisal of the implications of those events for the accessibility to witnesses and records."  Lamont, 590 F.2d at 1134.  See Mundy v. Weinberger, 554 F.Supp. 811, 817-18 (D.D.C. 1982).

     Applying these principals to the facts in this case, it is clear that venue is improper in the District of Columbia.  The Defendant in this case, DoDEA, DoDDS-E resides in the Eastern District of Virginia.  (Selz Decl.).  Plaintiff resides in Italy.  (Id).  Plaintiff concedes that the processing of RAT orders and the decision that he is challenging took place in Arlington, Virginia.  (See Compl. at 2).  Indeed, Plaintiff has not pointed to a single event, decision, or action that took place in the District of Columbia or had ramifications here such that "the activities in the forum district were not insubstantial in relation to the totality of events giving rise to the plaintiff's grievance . . ."  Lamont, 590 F.2d at 1134 n.62.  Compare Mundy, 554 F.Supp. at 817-18 (venue was proper in District of Columbia for case against DoD Secretary where plaintiff worked in District of Columbia, and DOD decisions made in Virginia affected only plaintiff in the District of Columbia: "plaintiff's grievance and the acts that gave rise to it are inextricably bound up with the District of Columbia").

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the Eastern District of Virginia. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, or in the alternative transfer it to the Eastern District of Virginia.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 616-5309

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARVIN E. GREEN,                        ) | |
|              Plaintiff,            ) | |
| v.                                                    ) | Civil Action No. 06-1009 (RBW) |
| DOD DEPENDENT SCHOOLS –EUROPE,  ) | |
|              Defendant.          ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, to Transfer. Based upon the motion, any opposition thereto, any reply, and the entire record herein, it is this ____ day of _____, 2006 hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is hereby DISMISSED.

This is a final, appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE