UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARVIN E. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1009 (RBW) |
| ) | |
| DOD DEPENDENT SCHOOLS-EUROPE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Defendant, Department of Defense Education Activity ("DoDEA"), Department of Defense Dependents Schools, Europe ("DoDDS-E") respectfully submits this reply to Plaintiff's opposition and in further support of Defendant's motion to dismiss or in the alternative, motion to transfer this matter to the Eastern District of Virginia.

**INTRODUCTION**

Plaintiff initiated this action on May 30, 2006, making vague and confusing allegations related to the denial of Renewal Agreement Travel ("RAT") orders for Plaintiff's family members who did not reside with him. Docket Entry 1 at 3, 5.[1] In pertinent part, Plaintiff complained that on May 10, 2006, Dr. Gloria Gladden, Chief of Personnel DoDDS-E, denied his request for RAT orders for his family members. Id. at 3. He appeared to allege that Dr. Gladden's delay in responding to his request and her eventual denial of that request denied him "Procedural Due Process" and resulted in the "constructive repudiation of Plaintiff's employment

---

[1] As discussed in the Defendant's motion to dismiss, RAT constitutes travel and transportation allowances provided to qualifying DoD civilian employees and appropriate dependents to return home between tours of duty. Docket Entry 10 at 2, fn 3.

contract." Id. at 4-5. Plaintiff's complaint, however, did not set forth the statutory or other basis for his cause or causes of action or for this Court's jurisdiction.

Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) on the grounds that Plaintiff's complaint failed to state a claim under the Administrative Procedures Act ("APA"). Docket Entry 10. Defendant also moved to dismiss for improper venue pursuant to Rule 12(b)(3). Id. On January 29, 2007, Plaintiff opposed Defendant's motion. Docket Entry 14.

## ARGUMENT

Plaintiff's confusing response only serves to further demonstrate that dismissal of this complaint is proper. Though he appears to renew his claim that this complaint revolves around Dr. Gladden's "decision not to pay [his] RAT travel," Docket Entry 14 at 8, he spends the majority of his response alleging wholly irrelevant incidents of wrongdoing related to other DoD personnel. For example, he alleges that "about 10 years ago," his "supervisor [at the time] complained to his congressperson" and was eventually "demoted" and "forced to retire." Id. at 1-2. He also recounts an incident in 1996 or 1997, in which he appears to allege that the "former DoDEA Director Lillian Gonzales" was forced to resign. Id. at 4-5. Even assuming any truth to these allegations, Plaintiff does not explain how any of these named individuals or allegations are related to the issues in his complaint. In effect, Plaintiff appears to be making the flimsy argument that his claims have merit because bad things have happened to other DoD personnel.

Notably, Plaintiff does not even address, let alone dispute, any of the pertinent factual assertions and arguments set forth in the Defendant's motion to dismiss. For example, in its motion, Defendant pointed out that Plaintiff's complaint, while alleging "Procedural Due

Process," did not explain what procedure he was allegedly denied. Docket Entry 10 at 5. Defendant also noted that Plaintiff failed to identify a waiver of sovereign immunity permitting the Court to exercise jurisdiction over the United States. Id. at 5-6. Plaintiff's response addresses neither of these arguments.

To the extent that Plaintiff's complaint is reasonably viewed as a challenge to the Agency's action denying RAT orders for his family members who did not reside with him, Plaintiff still fails to indicate whether he is invoking jurisdiction under the APA. Even assuming this to be the case, Plaintiff does not set forth any allegations demonstrating that the Agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Plaintiff does not dispute that Agency regulations establish that only members of Plaintiff's household are entitled to such benefits, nor does he allege, contrary to the Agency's findings, that the family members for which he sought RAT orders, in fact resided with him. For these reasons and the reasons set forth in the Defendant's motion to dismiss, the Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This Court should also dismiss this complaint for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a). Notably, Plaintiff does not dispute any of the following contentions raised by the Defendant: (1) that at all times relevant to this complaint, Plaintiff was employed by DoDDS-E and resided in Italy; (2) that DoDEA, of which DoDDS-E is a part, is headquartered in Arlington, Virginia, and houses Plaintiff's personnel records; (3) that the processing of RAT orders and the decision that he is challenging took place in Arlington, VA; and (4) that all relevant actions and decisions concerning Plaintiff were taken either in Italy or in

3

Virginia.[2] Docket Entry 10 at 9.

Instead, the Plaintiff sets forth two reasons in opposition to a change in venue: (1) that he is aware of "a complete absence of any other known examples of success in" the Virginia courts and (2) that "if they want it and they are opposing me then it must not be in my interest." Docket Entry 14 at 10. In essence, Plaintiff is arguing that venue is proper in the District of Columbia because he believes that he will have a more difficult time achieving success before the Virginia courts. This is simply not an appropriate basis for establishing venue and Plaintiff has failed to point to any other facts or circumstances that indicates that venue is proper in the District of Columbia. Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the Eastern District of Virginia. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to the Court's discretion).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's complaint, or in the alternative, transfer it to the Eastern District of Virginia.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[2] As reflected in his response to the Defendant's motion to dismiss, Plaintiff appears to currently reside in San Antonio, Texas. Docket Entry 14 at 1.

4

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9450