UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                          )
MARVIN E. GREEN,                          )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )        Civil Action No. 06-1009 (RBW)
                                          )
DoD DEPENDENT SCHOOLS-EUROPE,  )
              Defendant.                   )
—————————————————————)

**MEMORANDUM OPINION**

On May 30, 2006, the plaintiff, proceeding <u>pro se</u>, filed a Complaint which challenges

"the Department of Defense Dependent Schools (DoDDS) ongoing execution of the Priority

Placement Program . . . ." Complaint ("Compl.") at 1.[1]  The plaintiff also appears to challenge

the denial of Renewal Agreement Travel ("RAT") orders[2] for the plaintiff's family members

who did not reside with him. Compl. at 3, 5. Specifically, the plaintiff claims that he applied for

RAT orders on July 5, 2005, through the Travel Order Processing System ("TOPS") but no

action on the request was ever taken. Compl at 2.[3]  On March 24, 2006, the plaintiff reapplied

for RAT orders when his previous request could not be located in the TOPS system. <u>Id.</u>

—————————————————

[1] Since neither the paragraphs nor the pages of the plaintiff's complaint are numbered, the Court has sequentially numbered the pages of his six page complaint for ease of reference.

[2] RAT orders are travel and transportation allowances provided to Department of Defense civilian employees and appropriate dependents to return to their homes between tours of duty. Def.'s Mot., Exhibit ("Ex.") 1 at C5K-1 ¶ C5500.  In order for dependents to qualify for this benefit, they must be "members of an employee's household . . . ." <u>Id.</u>, Ex. 1 at A1-6.

[3] The processing of RAT orders through this system is conducted at the Department of Defense Education on Activity ("DoDEA") headquarters in Arlington, Virginia.  <u>Id.</u>

The plaintiff alleges that on May 10, 2006, he was notified that Dr. Gloria Gladden, Chief of Personnel for the DoDDS-E, had denied his request for RAT orders for his family members. Compl. at 3. The plaintiff claims that Dr. Gladden's delay in responding to his request and her eventual decision denied him procedural due process and resulted in the constructive repudiation of the plaintiff's employment contract because he "had a reasonable expectation of family inclusion in RAT orders from July 5, 2005, through May 9, 2006." Id. at 4-5. The plaintiff's complaint demands the production of his "mobility agreement," "4,636.69 Euros plus interest," $700 in legal fees, and an order requiring the "CARE Program Coordinator" to "[i]nvestigate Plaintiff's complaint." Id. at 5-6.

Currently before this Court is the defendant's[4] motion to dismiss filed on October 16, 2006, pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim upon which relief may be granted). Defendant's Motion To Dismiss ("Def.'s Mot.").

### I. Standards of Review

**A.    Dismissal for Lack of Jurisdiction**

On a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. Grand Lodge of Fraternal Order of Police v. Aschcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is acting

---

[4] The defendant is the Department of Defense Dependent Schools, Europe ("DoDDS-E"). The Department of Defense Education Activity ("DoDEA"), located in Arlington, Virginia, is a civilian agency of the United States Department of Defense that oversees all schools on military bases. Def.'s Mot. Ex. 1 at A1-5 (referencing http://www.gov.com/agency/dod/agency.html and http://www.defenselink.mil/pubs/alamanac/ which cross-reference http://www.dodea.edu ). DoDDS-E, located in Europe, is a school operated by the DoDEA. Id.

within the scope of its jurisdictional authority"); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F.

Supp. 2d 15, 19 (D.D.C. 1998).  Since a motion for dismissal under "Rule 12(b)(1) presents a

threshold challenge to the court's jurisdiction. . . ." Haase v. Sessions, 835 F.2d 902, 906 (D.C.

Cir. 1987) (citations omitted), Rule 12(b)(1) permits dismissal of a complaint if the Court

"lack[s] jurisdiction over the subject matter . . . ." Fed. R. Civ. P. 12(b)(1).  While the Court must

accept as true all the factual allegations contained in the complaint when reviewing a motion to

dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence &

Coordination Unit, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to

establish jurisdiction, the "plaintiff's factual allegations in the complaint . . . will bear closer

scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a

claim." Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 13-14 (citation and internal

quotation marks omitted). This scrutiny permits the Court to consider material outside of the

pleadings in its effort to determine whether the Court has jurisdiction. See EEOC v. St. Francis

Xavier Parochial Sch., 117 F.3d 621, 624-25 n. 3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of

Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase, 835 F.2d at 906; Grand Lodge of Fraternal

Order, 185 F. Supp. 2d at 14.

**B.    Dismissal for Lack of Venue**

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the

Court accepts the plaintiff['s] well-pled factual allegations regarding venue as true, draws all

reasonable inferences from those allegations in the plaintiff['s] favor, and resolves any factual

conflicts in the plaintiff['s] favor." Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8

(D.D.C. 2003) (internal quotation marks and citation omitted); see also 2215 Fifth St. Assocs. v.

3

U-Haul Int'l., Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that courts will grant a 12(b)(3)

motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue") (citation

omitted). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the

plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F.

Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).

## II.  Legal Analysis

### A.    Lack of Jurisdiction

The defendant requests that the Court dismiss the plaintiff's complaint pursuant to

Federal Rule of Civil Procedure 12(b)(1) because (1) "he fails to set forth the statutory basis for

his cause or causes of action or for this Court's jurisdiction," Def.'s Mot. at 5, and (2) "he fails to

identify a waiver of sovereign immunity permitting the Court to exercise its jurisdiction over the

United States." Id.  In the plaintiff's opposition, he does not address any assertions and

arguments set forth in the defendant's motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1).  Plaintiff Opposition ("Pl.'s Opp'n.").  Courts in this Circuit have interpreted

the Supreme Court's instruction in Haines v. Kerner, 404 U.S. 519, 520 (1972) that the

complaint of a pro se plaintiff must be held to "less stringent standards than formal pleadings

drafted by lawyers," as encompassing all filings submitted by pro se litigants, and not just their

pleadings. See, e.g. Richardson v. United States 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that

"[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at 520); Voinche v.

FBI, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives pro se parties the

benefit of the doubt and may ignore some technical shortcomings of their filings" and applying

the Haines rule to a plaintiff's summary judgment motion) (citing Haines, 404 U.S. at 520);

Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors") (citing Haines, 404 U.S. at 520). Despite this leniency, a pro se plaintiff's complaint "must at least meet a minimal standard" of what pleadings must entail. Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C.1999) (citing Wilson v. Civil Town of Clayton, 839 F.2d 375, 378-79 (7th Cir.1988)).

Here, the plaintiff has failed to set forth in his Complaint the statutory basis for his claim or for this Court's jurisdiction. Initially, the plaintiff indicates in his Complaint that he is challenging the "ongoing execution of the Priority Placement Program . . . ." Compl. at 1. Thereafter, the plaintiff appears to challenge the DoDEA's refusal to issue RAT orders for his dependents who were not residing with him. Id. at 3. As indicated, the plaintiff alleges that this decision denied him procedural due process and constructively repudiated his employment contract because he had a "reasonable expectation of family inclusions in RAT orders from July 5, 2005 through May 9, 2006." Id. at 4-5. However, the plaintiff does not set forth in his Compliant the procedure he was denied, how the DoDEA's decision constructively repudiated his employment contract, and why he is entitled to relief. The plaintiff has therefore failed to comply with Federal Rule of Civil Procedure 8(a). Fed. R. Civ. P. 8(a) (requiring a party to set forth in a party's pleading a claim for relief containing a short and plain statement (1) of the grounds upon which the court's jurisdiction depends, (2) showing that the pleader is entitled to relief, and (3) containing a demand for judgment for the relief the pleader seeks).

As noted above, the plaintiff has also failed to allege a proper basis for this Court to exercise jurisdiction in this matter. One limitation on a court's authority to hear a case is the

5

doctrine of sovereign immunity, which shields the United States from being sued. See United

States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign immunity bars a suit for money damages

against the federal government, its agencies, and its employees sued in their official capacity,

unless the government has waived such immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994);

Clark v. Library of Cong., 750 F.2d 89, 102-03 (D.C. Cir. 1984); Cronauer v. United States., 394

F. Supp. 2d 93, 96 (D.D.C. 2005).  The plaintiff has not identified in his Complaint a statute

evincing a waiver of the federal government's sovereign immunity, thereby permitting the Court

to exercise its jurisdiction over his claims against the United States.[5]  However, although the

plaintiff has not invoked it, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80

(2006), also provides a "limited waiver of the United States' sovereign immunity and renders the

Federal Government liable to the same extent as a private party for certain torts of its employees .

. . ." Cronauer, 394 F. Supp. 2d at 96 (quoting GAF Corp. v. United States, 818 F.2d 901, 904

(D.C. Cir. 1987)) (internal quotation marks omitted).  But, the FTCA does not waive the federal

---

[5] To the extent that the plaintiff challenges the agency's denial of his request for RAT orders for his family members who did not reside with him, the plaintiff fails to indicate whether he is invoking jurisdiction under the Administrative Procedures Act ("APA").  The APA provides a waiver of sovereign immunity for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704 (2000).  If a party believes he has been adversely affected by agency action, it is then the Court's role under § 706(2)(a) to determine whether an agency's rulemaking procedure was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Am. Radio Relay League v. F.C.C., 617 F.2d 875, 879 (D.C.Cir. 1980).  If the Court concludes that the agency action is arbitrary, capricious, an abuse of discretion or not in accordance with law, the Court has the authority to set aside the agency's decision.  See MD Pharm., Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir. 1998).  Further, Section 702 of the APA provides a general waiver of immunity to causes of action seeking equitable relief, but not for money damages.

The Court cannot discern from the plaintiff's Complaint the nature of his cause of action or the basis for the Court's jurisdiction over this matter. Because, the plaintiff does not allege in his complaint that the denial of RAT orders to his family members not residing with him was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), the Court cannot conclude that relief is being sought under the APA.  In addition, he does not request that the agency's decision be set aside.  Therefore, the Court reads the plaintiff's complaint as not invoking the APA.

government's immunity from suit for constitutional torts.[6]  28 U.S.C. §§ 2679(b)(1) and (b)(2);

Meyer, 510 U.S. at 477 ("the United States simply has not rendered itself liable under § 1346(b)

for constitutional tort claims.").  In any event, even assuming that a tort claim is being alleged

(which is a stretch to say the least), the FTCA requires that a claim "first [be] presented . . . to the

appropriate Federal agency."   28 U.S.C. § 2675(a).[7]  The exhaustion of administrative remedies

requirement is a prerequisite to filing a lawsuit in federal court.  See Simpkins v. District of

Columbia, 108 F.3d 366, 370-71 (D.C. Cir. 1997); GAF Corp., 818 F.2d  at 917-20; Jackson v.

United States, 730 F.2d 808, 809 (D.C. Cir. 1984).  Thus, to the extent that the plaintiff asserts a

claim for loss of property, he has not alleged, and the record does not show, that he exhausted his

administrative remedies in connection with such a claim.

Having failed to identify a waiver of sovereign immunity or to invoke the FTCA, the

plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.  However, even if

the plaintiff had invoked the FTCA, his failure to exhaust the required administrative remedies

before initiating this lawsuit further requires the dismissal of the plaintiff's claim for damages

---

[6] The plaintiff alleges in his complaint that Dr. Gladden's delay in responding to his request for RAT orders and her eventual decision denying such orders denied him procedural due process.  Compl. at 4.  However, as shown by the authorities cited in the text, the FTCA does not waive the federal government's immunity regarding the plaintiff's claim that he was denied procedural due process.

[7] The statute states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

against the United States. See Simpkins, 108 F.3d at 371 (concluding that the district court erred

in reaching the merits of an unexhausted FTCA claim). Accordingly, the defendant's motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted.[8]

### III.  Conclusion

Based on the foregoing analysis, the defendant's motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) is **GRANTED.**[9]

---

[8] Even assuming, however, that this Court has jurisdiction over this matter, the Court would nonetheless dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue because transferring this action to another judicial district would not be appropriate given the fact that claims advanced by the plaintiff has no merit. The standard for determining venue in a civil action in which an officer of a United States agency or the agency itself is a defendant is the general venue statute, 28 U.S.C. § 1391(e)(2000). Section 1391(e) provides that civil actions against federal agencies may "be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) the plaintiff resides . . . ." 28 U.S.C. § 1391(e). Venue is improper in the District of Columbia under each of these criteria. First, a substantial part of the events or omissions giving rise to the actions and decisions challenged by the plaintiff occurred in Europe and Virginia. Def.'s Mot., Ex. (Selz Declaration). Second, at all times relevant to the allegations in his complaint, the plaintiff was employed by DoDDS-E in Italy. Id. Third, the DoDEA, is headquartered in Arlington, Virginia where the plaintiff's personnel records are maintained. Id. Further, the processing of requests for RAT orders and the decision that the plaintiff is challenging occurred in Arlington, Virginia. Id. Accordingly, the plaintiff has not satisfied his burden of establishing that venue is proper in the District of Columbia. Therefore, for the reasons stated above, it also would be proper to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).

[9] Also pending before the Court is the plaintiff's emergency motion for summary judgment, which requests that a barment order be terminated. Plaintiff's Emergency Motion for Summary Judgment Lifting Barment Order. In this motion, the plaintiff appears to request that the Court order Captain Stuyvesant to withdraw a barment order that he instituted barring Sophia Torok and the plaintiff from the Naval Air Station in Signollea, Italy. Id. at 2. The actual motion submitted by the plaintiff is captioned, Marvin Green v. DoDDS-E, Civ. No. 06-1009 (D.D.C. filed May 30, 2006),while the proposed order submitted with the motion is captioned, Marvin Green v. US, Civ. No. 06-1141 (D.D.C. filed on June 21, 2006). Id. at 1, Exhibit 3 (Text of Proposed Order). Upon review of the content of the motion, the Court concludes that the substance of the motion does not correspond with the subject of this case. Although the plaintiff indicated on the first page of the motion that it is being filed in this case, it is clear that the plaintiff is mistaken. Therefore, the plaintiff's emergency motion for summary judgment terminating the barment order is denied without prejudice and the plaintiff may refile the motion in the case which actually concerns the substance of the motion. An Order consistent with the Court's ruling has been issued.

**SO ORDERED**.

REGGIE B. WALTON
United States District Judge